Janet Rose **ROTH**, Plaintiff— Appellant,

v.

**DRIVETIME CORPORATION; et al., Defendants—Appellees.**

No. 05–15029.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

R.App. P. 34(a)(2).

Janet Rose Roth, Tempe, AZ, pro se.

William R. Hayden, Esq., Paul J. Giancola, Esq., Barbara J. Dawson, Elizabeth Ann Petersen, Esq., Snell & Wilmer LLP, Phoenix, AZ, for Defendants–Appellees.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM**

Janet Rose Roth appeals pro se the district court's order granting summary judgment to defendant DriveTime Corporation in her action alleging violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Arakaki v. Hawaii,* 314 F.3d 1091, 1094 (9th Cir.2002), we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

The district court correctly concluded that the severance agreement executed by Roth contained the protections statutorily required by the Older Workers Benefit Protection Act. *See* 29 U.S.C. § 626(f). The evidence before the district court did not present a genuine issue of material fact as to whether Roth knowingly and voluntarily signed the waiver of claims, and she is therefore precluded from bringing suit. *See Stroman v. West Coast Grocery Co.,* 884 F.2d 458, 462–63 (9th Cir. 1989) (listing lack of ambiguity of agreement, education and business experience of plaintiff, presence of noncoercive atmosphere for the execution of the release, and availability of legal counsel as factors for determining "voluntary, deliberate, and informed" waiver of claims in Title VII cases); *see also FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997) (holding that conclusory, self-serving statements lacking detailed facts and supporting evidence are insufficient to create a genuine issue of material fact).

Roth's remaining contentions lack merit.

We deny Appellees' request for attorney's fees pursuant to Fed. R.App. P. 39, without prejudice to the filing of such a motion in accordance with Ninth Circuit Rule 39–1.

AFFIRMED.

courts of this circuit except as provided by 9th Cir. R. 36–3.